**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANTHONY JONES,**

**Plaintiff,**

**v.** **Case No. 26-C-976**

**SCHNEIDER NATIONAL CARRIERS,**

**Defendant.**

---

## ORDER DENYING MOTION TO APPOINT COUNSEL

---

Plaintiff Anthony Jones represents himself in this action against Defendant Schneider National Carriers. Plaintiff alleges that Defendant discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964. He also claims Defendant retaliated against him in violation of several state and federal statutes, that he experienced a hostile work environment, and that Defendant was grossly negligent in handling his complaints. This matter comes before the Court on Plaintiff's motion to appoint counsel. For the following reasons, the motion will be denied.

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Yet, district courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654. Once this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Id.* at 654–55 (citing *Farmer v. Haas*, 990

F.2d 319, 321–22 (7th Cir. 1993)). Generally, the cases in which the Court exercises its discretion to recruit counsel for a plaintiff are when the plaintiff is incarcerated and thus unable to telephone and meet with an attorney about taking his or her case.

Here, Plaintiff is not a prisoner, and therefore he is free to meet with attorneys and convince them of the merits of his case. Of course, if the case is without merit or the costs of bringing it exceed the amount at issue, an attorney will likely not take the case. But this is simply the nature of our legal system. Plaintiff is in the same position as the vast majority of Americans who are not themselves trained in the law. The public has no interest in paying an attorney to represent a person who has no case of sufficient value to warrant the expenditure of resources needed to pursue it.

In this case, Plaintiff has made reasonable efforts to find a lawyer on his own, but he has failed to demonstrate that the difficulty of the case and his competence to litigate it require appointed counsel. *Id.* at 649. Plaintiff's complaint for employment discrimination is detailed, organized, and easy to understand, suggesting that Plaintiff understands the facts and issues related to his claims. He has personal knowledge of his interactions with Defendant. Plaintiff may also obtain documents and records that he believes he needs to prove his claims through discovery. Although Plaintiff asserts that he does not have legal training, the difficulties Plaintiff claims are the same difficulties any litigant would have representing himself, and they are not sufficient, on their own, for the Court to infer that Plaintiff lacks the capacity to represent himself. The Court acknowledges the challenges of representing oneself. If, given these challenges, Plaintiff feels that he is unable to comply with a particular deadline, he may file a motion to extend the deadline. The Court will not needlessly delay resolution of the case, but it will extend deadlines when a party shows good cause to do so.

For these reasons, the Court finds that Plaintiff has the capacity to represent himself through discovery and the briefing of summary judgment. If new challenges arise that Plaintiff does not believe he can overcome on his own, he may renew his motion. If he does, he should be specific about the challenges he faces and the efforts he has made to overcome them. The Court further directs Plaintiff to the Court's website. Under the tab "representing yourself," which can be found at https://www.wied.uscourts.gov/representing-yourself, he will find information that will assist him as the case proceeds. Plaintiff's motion to appoint counsel (Dkt. No. 19) is **DENIED without prejudice**.

Plaintiff's motion to continue the telephone conference scheduled for October 15, 2026 at 10:00 AM (Dkt. No. 20) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of September, 2026.

William C. Griesbach
United States District Judge